# EXHIBIT A

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.      CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>JAMESIE ALLEN</u>
Plaintiff

Case # _____
Judge   _____

vs.

<u>LOGISTICARE SOLUTIONS, LLC</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   8

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Alberto Naranjo      Fla. Bar # 92923
      Attorney or party          (Bar # if attorney)

Alberto Naranjo          02/10/2021
  (type or print name)         Date

### IN THE CIRCUIT COURT OF
### THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**Case No.**

JAMESIE PERRY,

     Plaintiff

vs.

LOGISTICARE SOLUTIONS, LLC

     Defendant

_____/

### COMPLAINT

1. Plaintiff, JAMESIE PERRY, ("Plaintiff"), brings this action against Defendant,

   LOGISTICARE SOLUTIONS, LLC, ("Defendant") alleging as follows:

### JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

### PARTIES, VENUE AND JURISDICTION

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of

   18 and is otherwise *sui juris*.

4. Defendant, ("Defendant" and/or "Miami-Dade"), is an employer within Miami Dade, which

   at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil

   Rights Act (FCRA), the Americans with Disabilities Act ("ADA"), Title VII of the Civil

   Rights Act (Title VII). Defendant is otherwise *sui juris*.

5. Venue is proper in Miami Dade County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") resides in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed prior to 300 days from the date of termination, Right to Sue Letter issued/received on November 17, 2020, and lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state and/or local laws.

**COUNT ONE**
**Retaliation FCRA**

9. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

10. At all relevant times Plaintiff was an employee of Defendant and was qualified.

11. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

12. Plaintiff started working for Defendant around June 2017 and was terminated on December 21, 2017.

13. Plaintiff worked as a transportation coordinator.

14. On or about October 27, 2017, Plaintiff complained to the Human Resource department, including Tammy (LNU) about harassment and discrimination.

15. For example, Plaintiff, a black non-Hispanic employee, complained that she was told not to speak to any co-workers yet all other employees were allowed to socialize and speak to one another.

16. For example, Plaintiff was told that there are no equal opportunities for Black employees, only for Hispanic employees.

17. Its telling that Plaintiff was terminated 2 months after her complaint of discrimination to Human Resources.

18. Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

19. The causal link betwene Plaintiff's protected activity to Defendant's harrasment, retalation and/or termiation, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

20. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

21. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

22. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

23. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

24. Plaintiff hereby requests a jury trial.

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT TWO
### Retaliation Title VII

26. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

27. At all relevant times Plaintiff was an employee of Defendant and was qualified.

28. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

29. Plaintiff started working for Defendant around June 2017 and was terminated on December 21, 2017.

30. Plaintiff worked as a transportation coordinator.

31. On or about October 27, 2017, Plaintiff complained to the Human Resource department, including Tammy (LNU) about harassment and discrimination.

32. For example, Plaintiff, a black non-Hispanic employee, complained that she was told not to speak to any co-workers yet all other employees were allowed to socialize and speak to one another.

33. For example, Plaintiff was told that there are no equal opportunities for Black employees, only for Hispanic employees.

34. Its telling that Plaintiff was terminated 2 months after her complaint of discrimination to Human Resources.

35. Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

36. The causal link betwene Plaintiff's protected activity to Defendant's harrasment, retalation and/or termiation, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any

policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

37. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

38. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

39. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

40. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

41. Plaintiff hereby requests a jury trial.

42. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT THREE
### Race Discrimination FCRA

43. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

44. At all relevant times Plaintiff was an employee of Defendant and was qualified.

45. Plaintiff started working for Defendant around June 2017 and was terminated on December 21, 2017.

46. Plaintiff worked as a transportation coordinator.

47. Plaintiff was treated differently that all other employees in her same position.

48. For example, Plaintiff, a black employee, was told not to speak to any co-workers yet all other employees were allowed to socialize and speak to one another.

49. For example, Plaintiff was told that there are no equal opportunities for Black employees, only for Hispanic employees.

50. For example, Plaintiff's complaints of discrimination were ignored despite complaining on or about October 27, 2017, to the Human Resource department, including Tammy (LNU) about harassment and discrimination.

51. For example, Defendant refused to excuse Plaintiff absents despite Plaintiff's medical condition and documentation from her medical provider.

52. Its telling that Plaintiff was hired and fired by different employees and was only one of two black employees at her location.

53. Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

54. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and pratice, caused Defendant's harrasment, discrimination, and/or termiation, acting by and through its employees which caused;  an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

55. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

56. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

57. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

58. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

59. Plaintiff hereby requests a jury trial.

60. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.

**COUNT FOUR**
**Race Discrimination Title VII**

61. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

62. At all relevant times Plaintiff was an employee of Defendant and was qualified.

63. Plaintiff started working for Defendant around June 2017 and was terminated on December

21, 2017.

64. Plaintiff worked as a transportation coordinator.

65. Plaintiff was treated differently that all other employees in her same position.

66. For example, Plaintiff, a black employee, was told not to speak to any co-workers yet all

other employees were allowed to socialize and speak to one another.

67. For example, Plaintiff was told that there are no equal opportunities for Black employees,

only for Hispanic employees.

68. For example, Plaintiff's complaints of discrimination were ignored despite complaining on or about October 27, 2017, to the Human Resource department, including Tammy (LNU) about harassment and discrimination.

69. For example, Defendant refused to excuse Plaintiff absents despite Plaintiff's medical condition and documentation from her medical provider.

70. Its telling that Plaintiff was hired and fired by different employees and was only one of two black employees at her location.

71. Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

72. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and pratice, caused Defendant's harrasment, discrimination, and/or termiation, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

73. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

74. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

75. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

76. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

77. Plaintiff hereby requests a jury trial.

78. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT FIVE
### National Origin Discrimination FCRA

79. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

80. At all relevant times Plaintiff was an employee of Defendant and was qualified.

81. Plaintiff started working for Defendant around June 2017 and was terminated on December 21, 2017.

82. Plaintiff worked as a transportation coordinator.

83. Plaintiff was treated differently that all other employees in her same position.

84. For example, Plaintiff, a non-Hispanic, was told not to speak to any co-workers yet all other employees were allowed to socialize and speak to one another.

85. For example, Plaintiff was told that there are no equal opportunities for non-Hispanic employees, only for Hispanic employees.

86. For example, Plaintiff's complaints of discrimination were ignored despite complaining on or about October 27, 2017, to the Human Resource department, including Tammy (LNU) about harassment and discrimination.

87. For example, Defendant refused to excuse Plaintiff absents despite Plaintiff's medical condition and documentation from her medical provider.

88. Its telling that Plaintiff was hired and fired by different employees and was only one of two non-Hispanic employees at her location.

89. Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

90. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and pratice, caused Defendant's harrasment, discrimination, and/or termiation, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

91. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

92. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

93. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

94. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

95. Plaintiff hereby requests a jury trial.

96. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT SIX
### National Origin Discrimination FCRA

97. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

98. At all relevant times Plaintiff was an employee of Defendant and was qualified.

99. Plaintiff started working for Defendant around June 2017 and was terminated on December 21, 2017.

100. Plaintiff worked as a transportation coordinator.

101. Plaintiff was treated differently that all other employees in her same position.

102. For example, Plaintiff, a non-Hispanic, was told not to speak to any co-workers yet all other employees were allowed to socialize and speak to one another.

103. For example, Plaintiff was told that there are no equal opportunities for non-Hispanic employees, only for Hispanic employees.

104. For example, Plaintiff's complaints of discrimination were ignored despite complaining on or about October 27, 2017, to the Human Resource department, including Tammy (LNU) about harassment and discrimination.

105. For example, Defendant refused to excuse Plaintiff absents despite Plaintiff's medical condition and documentation from her medical provider.

106. Its telling that Plaintiff was hired and fired by different employees and was only one of two non-Hispanic employees at her location.

107. Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

108. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and pratice, caused Defendant's harrasment,

discrimination, and/or termiation, acting by and through its employees which caused; an

adverse employment actions; lead to a pattern, practice and/or policy of illegal employment

action; failure to enforce any policy against such illegal activity; failure to follow

Defendant's own employment policies; and/or Defendant took these adverse employment

actions in substantial part because of Plaintiff's protected category.

109.    Defendant did not act in good faith nor did they have an objective, reasonable ground to

believe that their action did not violate the law.

110.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered

damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

111.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate

cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness, and malice for which the law allows the

imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such

conduct in similar situations.

112.    Defendant' actions and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

113.    Plaintiff hereby requests a jury trial.

114.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.

## COUNT SEVEN
### Disability Discrimination FCRA

115.    Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

116.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

117.    Plaintiff started working for Defendant around June 2017 and was terminated on

December 21, 2017.

118.    Plaintiff worked as a transportation coordinator.

119.    Plaintiff has a life long disability, i.e. physical or mental impairment that substantially

limits one or more major life activity.

120.    Plaintiff was required to take a one week of work but when she submitted her medical

documents requesting time off as an accommodation, it was denied without Defendant

entering into the interactive process. Defendant simply refused to take the medical

documentation

121.    At this point, Defendant knew and/or perceived Plaintiff to be disabled.

122.    Its telling that Plaintiff was terminated just months after requesting an accommodation

and informing Defendant of her disability.

123.    Defendant's reason for termination is pretextual, as Plaintiff was terminated for

socializing with another employee whom was not terminated and all other employees are

allowed to socialize.

124.   The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and pratice, caused Defendant's harrasment, discrimination, and/or termiation, acting by and through its employees which caused;  an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

125.   Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

126.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

127.   Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

128.   Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

129.   Plaintiff hereby requests a jury trial.

130.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT EIGHT
### Disability Discrimination Title VII

131.    Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

132.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

133.    Plaintiff started working for Defendant around June 2017 and was terminated on December 21, 2017.

134.    Plaintiff worked as a transportation coordinator.

135.    Plaintiff has a lifelong disability, i.e. physical or mental impairment that substantially limits one or more major life activity.

136.    Plaintiff was required to take a one week of work but when she submitted her medical documents requesting time off as an accommodation, it was denied without Defendant entering into the interactive process. Defendant simply refused to take the medical documentation

137.    At this point, Defendant knew and/or perceived Plaintiff to be disabled.

138.    Its telling that Plaintiff was terminated just months after requesting an accommodation and informing Defendant of her disability.

139.    Defendant's reason for termination is pretextual, as Plaintiff was terminated for socializing with another employee whom was not terminated and all other employees are allowed to socialize.

140.    The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and pratice, caused Defendant's harrasment, discrimination, and/or termiation, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

141.    Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

142.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

143.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

144.    Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

145.    Plaintiff hereby requests a jury trial.

146.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for past and future loss of wages and benefits, plus interest;

C.  Award Plaintiff compensatory and punitive damages;

D.  Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: February 10, 2021        Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff

## **VERIFACTION**

Verification pursuant to Section 92.525, Florida Statutes. Under penalties of perjury, I declare that I am the Plaintiff, that I have read the foregoing Complaint, and that the facts stated in it are true are correct to the best of my knowledge.

_____
Signature

_____
Date

_____
Name

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JAMESIE ALLEN,       )
                    )
       Plaintiff,    )
                    )
vs.                )     CASE NO.: 2021-003319-CA-01
                    )
LOGISTICARE SOLUTIONS, LLC  )
                    )
       Defendant.   )
                    )

## SUMMONS IN A CIVIL CASE

**TO:** LOGISTICARE SOLUTIONS, LLC, through its Registered Agent:

Registered Agent Solutions, Inc.
155 Office Plaza Dr STE A
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK            DATE

_____
(BY) DEPUTY CLERK

Filing # 121491464 E-Filed 02/16/2021 04:28:59 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JAMESIE ALLEN, )
)
      Plaintiff, )
)
vs. )      **CASE NO.: 2021-003319-CA-01**
)
LOGISTICARE SOLUTIONS, LLC )
)
      Defendant. )
_____)

### SUMMONS IN A CIVIL CASE

TO: LOGISTICARE SOLUTIONS, LLC, through its Registered Agent:

Registered Agent Solutions, Inc.
155 Office Plaza Dr STE A
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

2/18/2021
_____
CLERK          DATE

_____ 310009
(BY) DEPUTY CLERK

Civil, Family and Probate Courts Online System

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

| | |
|---|---|
| JAMESIE  ALLEN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO.: 2021-003319-CA-01** |
| ) | |
| LOGISTICARE SOLUTIONS, LLC ) | |
| ) | |
| **Defendant.** ) | |
| ————————————————————) | |

**SUMMONS IN A CIVIL CASE**

**TO:** LOGISTICARE SOLUTIONS, LLC**,** through its Registered Agent:

Registered Agent Solutions, Inc.
155 Office Plaza Dr STE A
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                          DATE


_____
(BY) DEPUTY CLERK

Filing # 122030941 E-Filed 02/24/2021 09:15:12 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| **JAMESIE ALLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.: 2021-003319-CA-01** |
| ) | |
| **LOGISTICARE SOLUTIONS, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### SUMMONS IN A CIVIL CASE

**TO:** LOGISTICARE SOLUTIONS, LLC, through its Registered Agent:

Registered Agent Solutions, Inc.
155 Office Plaza Dr STE A
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

2/26/2021
_____
CLERK                         DATE

310009
_____
(BY) DEPUTY CLERK

## VERIFIED RETURN OF SERVICE

State of Florida        County of Miami-Dade        Circuit Court

Case Number: 2021-003319-CA-01

Plaintiff:
?JAMESIE PERRY

vs.

Defendant:
LOGISTICARE SOLUTIONS, LLC



RCG2021002640

For:
Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln.
#400
Miami Lakes, FL 33016

Received by Christopher Kady on the 29th day of March, 2021 at 9:00 am to be served on **Logisticare Solutions, Llc Registerd Agent Solutions, Inc., 155 Office Plaza Dr., Ste. A, Tallahassee, FL 32301.**

I, Christopher Kady, do hereby affirm that on the **29th day of March, 2021 at 11:20 am, I:**

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the **SUMMONS IN CIVIL CASE, COMPLAINT and JURY DEMAND** with the date and hour of service endorsed thereon by me, to: **MARY CATE DUNCAN** as **REGISTERED AGENT CLERK** authorized to accept service, of the within named corporation, at the address of: **155 OFFICE PLAZA DRIVE, TALLAHASSEE, FL 32301** on behalf of **Logisticare Solutions, Llc**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 23, Sex: F, Race/Skin Color: WHITE, Height: 5'4", Weight: 130, Hair: BLONDE, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                      "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**Christopher Kady**
Process Server 237

**TRGT LEGAL**
**PO BOX 1066**
**PINELLAS PARK, FL 33781**
**(888) 642-0130**

Our Job Serial Number: RCG-2021002640

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 121491464 E-Filed 02/16/2021 04:28:59 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DATE: MAR 29 2021

TIME: 11:20 am

INITIAL:

ID#:

JAMESIE  ALLEN,            )
                          )
          Plaintiff,       )
                          )
vs.                        )          CASE NO.: 2021-003319-CA-01
                          )
LOGISTICARE SOLUTIONS, LLC )
                          )
          Defendant.       )
_____)

SUMMONS IN A CIVIL CASE

TO: LOGISTICARE SOLUTIONS, LLC, through its Registered Agent:

Registered Agent Solutions, Inc.
155 Office Plaza Dr STE A
Tallahassee FL 32301

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL ████

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

2/18/2021

CLERK                     DATE

310009

(BY) DEPUTY CLERK